IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE MCCLURE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-60 |
| | : | |
| JOHN KERESTES, et al. | : | |

### MEMORANDUM

**Juan R. Sánchez, J.**                                                                                                   **March 1, 2016**

      Eugene McClure raises objections to the Report and Recommendation of United States Magistrate Judge Timothy R. Rice recommending McClure's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be denied as untimely. McClure's objections to the Report and Recommendation raise no issues that would cause this Court to disturb Judge Rice's conclusion. Further, upon independent review of the record, and de novo review of McClure's objections, the Court agrees that McClure's petition was untimely and neither statutory tolling nor equitable tolling operate to make McClure's petition timely. The Court will therefore overrule McClure's objections, adopt the Report and Recommendation, and deny McClure's petition.

      On November 10, 1989, McClure was convicted by jury trial of second-degree murder, kidnapping, burglary, and conspiracy, and was thereafter sentenced to life imprisonment for the murder conviction and an aggregate sentence of 10-20 years imprisonment for the remaining convictions, to run concurrently with the life imprisonment term. On January 17, 1996, the Pennsylvania Superior Court affirmed McClure's sentence. McClure did not seek further review.

      In October 1997, McClure filed his first petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), which was denied as untimely. McClure appealed, but the appeal was dismissed for failure to file a brief. McClure filed a second PCRA petition in June 2006,

which was also denied as untimely, and McClure did not appeal. McClure filed a third PCRA petition in May 2012, which was denied as untimely, and his appeals from this denial to the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania were denied. *See Commonwealth v. McClure*, 112 A.3d 651 (Pa. 2015); *Commonwealth v. McClure*, No. 3111 EDA 2013, 2014 WL 10790100 (Pa. Super. Ct. Oct. 22, 2014). On January 4, 2013, McClure filed the instant habeas petition, alleging numerous grounds for relief, including (1) ineffective assistance of counsel against both his trial and post-conviction counsel, (2) denial of a fair trial, and (3) due process violations.

The Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, imposes a one-year limitations period for a person in custody to petition for a writ of habeas corpus, which begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Judgment in McClure's case became final on February 16, 1996, thirty days after the Superior Court affirmed McClure's sentence on January 17, 1996. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *see also* Pa. R. App. P. 1113(a) ("[A] petition for allowance of

---

[1] While § 2244(d)(1) provides alternative start dates for the limitations period, none apply. Although McClure does not argue in his objections that a different section of § 2244(d)(1) applies, he does so in his habeas petition. In the petition, McClure contends § 2244(d)(1)(C) applies, as the Supreme Court announced a new, retroactive constitutional right in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *See* 28 U.S.C. § 2244(d)(1)(C) (running the limitations period on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). However, "*Martinez* did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014). As Judge Rice concluded, Section 2244(d)(1)(C) is therefore inapplicable.

appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . ."). Because McClure's conviction became final before AEDPA was enacted, however, the one year limitations period did not begin to run until April 24, 1996—the day AEDPA was enacted. *See Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004) (recognizing when a habeas petitioner's conviction became "'final' before the AEDPA came into effect on April 24, 1996, . . . his one-year period for filing a habeas petition began running on that date"). McClure's habeas petition, therefore, "would have been due by April 23, 1997, absent any tolling of the one-year clock." *Id.*

McClure objects to Judge Rice's finding that neither statutory tolling nor equitable tolling operate to excuse McClure's delay in raising his claims. Statutory tolling applies during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling is inapposite here, however, as McClure filed his first PCRA petition in October 1997, after the statute of limitations had run on April 23, 1997.

Furthermore, McClure is not entitled to equitable tolling. Equitable tolling applies "when the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (emphasis in original). "Generally, such a situation arises if (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Urcinoli v. Cathel*,

546 F.3d 269, 272 (3d Cir. 2008) (quotation marks omitted). But "excusable neglect is not sufficient." *LaCava*, 398 F.3d at 275-76.

In his objections, McClure asserts the Supreme Court decision *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is an extraordinary circumstance triggering equitable tolling. But district courts have routinely found the decision does not constitute extraordinary circumstances triggering equitable tolling of the limitations period. *See, e.g.*, *Stokes v. Dist. Att'y of Cty. of Phila.*, No. 98-5182, 2013 WL 331338, at *1-2 (E.D. Pa. Jan 29, 2013); *cf. Cox*, 757 F.3d at 120 (finding the *Martinez* decision, without more, was not an extraordinary circumstance warranting reopening a "long-since-dismissed habeas petition" pursuant to Rule 60(b)). In any event, *Martinez* is inapplicable here. *See Martinez*, 132 S. Ct. at 1320 (holding "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective"); *see also Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) ("*Martinez* made very clear that . . . [the decision] applies only to attorney error causing procedural default during initial-review collateral proceedings . . . ."). Because *Martinez*'s limited application does not reach this case, as it "did not . . . establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition," *Vogt v. Coleman*, No. 08-530, 2012 WL 2930871, at *4 (W.D. Pa. July 18, 2012), equitable tolling does not apply.

Having reviewed and considered McClure's objections to the Report and Recommendation, and having determined each of those objections lacks merit, this Court will

overrule McClure's objections and will adopt the Report and Recommendation.[2] Because McClure filed the instant habeas petition after the applicable limitations period had expired, and neither statutory tolling nor equitable tolling apply to make his petition timely, his petition for writ of habeas corpus will be denied with prejudice.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[2] In his Report and Recommendation, the magistrate judge found McClure was not entitled to an evidentiary hearing. Although McClure does not object to Judge Rice's conclusion, the Court notes its agreement. "[T]he decision to grant an evidentiary hearing is left to the sound discretion of district courts," *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007) (citation and quotation marks omitted), and the Court agrees McClure has "failed to forecast any evidence beyond that already contains in the record that would help his cause, or otherwise to explain how his claim would be advanced by an evidentiary hearing," *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000).